**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DONALD EDWARD SEELY, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 16-CV-583-CVE-FHM |
| TRACY MCCOLLUM, Warden, | ) ) ) |
| Respondent. | ) |

**OPINION AND ORDER**

On September 6, 2016, Petitioner, a state inmate appearing pro se, filed a 28 U.S.C. § 2241 petition for writ of habeas corpus (Dkt. # 1). On October 3, 2016, Petitioner paid the $5.00 filing fee (Dkt. # 4). Petitioner is presently in state custody at the North Fork Correctional Center, located in Sayre, Oklahoma. In his petition, Petitioner challenges his sentences entered in Ottawa County District Court, Case No. CF-2003-0274, and requests that the Court direct "the State of Oklahoma to consider a Concurrent Sentence as allowed by State Statute and intended by the State Legislator as defined by State Statute." See Dkt. # 1 at 8.

Petitioner filed his petition under the authority of 28 U.S.C. § 2241. To the extent Petitioner's claims are properly adjudicated under § 2241, the Court lacks jurisdiction to consider the claims.[1] A 28 U.S.C. § 2241 petition is properly filed in the district in which the prisoner is

---

[1] If adjudicated under 28 U.S.C. § 2254, see Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000), the petition would be dismissed without prejudice as a second or successive petition filed without prior authorization from the Tenth Circuit Court of Appeals. See 28 U.S.C. § 2244(b). The Court's records reflect that on September 6, 2012, in N.D. Okla. Case No. 09-CV-219-JHP-PJC, the Court denied habeas corpus relief on Petitioner's claims challenging his convictions and sentences entered in Ottawa County District Court, Case No. CF-2003-0274. As a result, the Court lacks jurisdiction to consider this new petition under § 2254 unless Petitioner first obtains authorization from the Tenth Circuit to file a second or successive petition.

confined. See, e.g., Haugh v. Booker, 210 F.3d 1147, 1149 (10th Cir. 2000). Petitioner is not confined in this judicial district. North Fork Correctional Center is located in Beckham County, and is within the jurisdictional territory of the United States District Court for the Western District of Oklahoma. 28 U.S.C. § 116(c). As a result, the Court lacks jurisdiction to decide the issue raised in the petition. See U.S. v. Scott, 803 F.2d 1095, 1096 (10th Cir. 1986) (per curiam).

Such "[j]urisdictional defects that arise when a suit is filed in the wrong federal district may be cured by transfer under the federal transfer statute, 28 U.S.C. § 1631, which requires a court to transfer such an action if the transfer is in the interest of justice." Haugh, 210 F.3d at 1150 (internal quotation marks omitted). "Nonetheless, . . . a court is authorized [first] to consider the consequences of a transfer by taking a peek at the merits to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed." Id. (internal quotation marks omitted).

The Court's "quick look at the merits" of Petitioner's § 2241 claims leads to the conclusion that the claims lack merit and are clearly doomed. The record provided by Petitioner demonstrates that, by Order filed March 10, 2016, the Ottawa County district judge denied Petitioner's "motion for concurrent sentences." (Dkt. # 1 at 10). Petitioner appealed to the Oklahoma Court of Criminal Appeals (OCCA). On June 3, 2016, the OCCA adjudicated the appeal under Oklahoma's Uniform Post-Conviction Procedure Act, found the appeal to be Petitioner's third post-conviction appeal, and affirmed the state district court's denial of relief. Id. at 11-13. In his habeas petition, Petitioner challenges those rulings and identifies two (2) grounds for relief, as follows:

> Ground One: The sentencing court failed to properly interpret Oklahoma statutory provision Title 22 O.S. § 976, which provides a sentencing judge at all times shall have discretion to enter a concurrent sentence with any other sentence resulting in a deprevation [sic] of a fair adjudication and abuse of discretion

2

      by the trial court, whom [sic] arrived at a[n] arbitrary decision based upon a state prosecutor's misunderstanding of state statute, which compromised my federal constitutional rights to due process and equal protection of the law, Const. Amends. 5th, & 14th.

Ground Two: The Oklahoma Court of Criminal Appeals ruled arbitrarily against their own prior decisions in Walker, and Day, by construing a motion for a concurrent sentence under Title 22 O.S. § 976, as a subsequent post-conviction; to deny relief and apply a wholesale procedural bar under res jucicata [sic], instead of remanding the case to the state district court as it previously ruled in Day v. State, 1989 OK CR 83, 784 P.2d 79, in violation of my federal constitution due process rights under the 5th, and 14th, Amendments to the U.S. Constitution.

(Dkt. # 1 at 6-7).

In Estelle v. McGuire, 502 U.S. 62 (1991), the Supreme Court emphasized that, "federal habeas corpus relief does not lie for errors of state law. . . . In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241. . . ." Id. at 67-68 (internal quotation marks and citations omitted). Service of state sentences raises issues of state law and does not involve the denial of a constitutional right. See Ballard v. Franklin, 463 F. App'x 732, 734–35 (10th Cir. 2011) (unpublished)[2] (citing Harris v. Dep't of Corrs., 426 F. Supp. 350, 352 (W.D. Okla. 1977) ("Matters relating to sentencing, service of sentence and allowance of any credits are governed by state law and do not raise federal constitutional questions.")); see also Handley v. Page, 398 F.2d 351, 352 (10th Cir. 1968) (holding that an issue as to whether the petitioner was serving concurrent or consecutive sentences was an issue of state law that did not raise a federal issue cognizable for federal habeas corpus relief); Burns v. Crouse, 339 F.2d 883, 883 (10th Cir. 1964) (per curiam)

---

  [2]This and all other unpublished opinions herein are not precedential but are cited for their persuasive value.  See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

("Whether the Kansas statutes [entitle the petitioner to specific credits] is a matter of state law and raises no federal issue cognizable under habeas corpus."); Campbell v. Williams, 66 F. App'x 170, 173 (10th Cir. 2003) (unpublished) (habeas claim, involving credit for presentence time spent at home wearing a monitoring device, "is a state law issue" and did not "amount[ ] to denial of a constitutional right"); Wishom v. Roberts, 37 F. App'x 338, 339-40 (10th Cir. 2002) (unpublished) (denying a certificate of appealability on a habeas claim involving the failure to award credits against a particular sentence, because the matter involved state law allegations previously rejected by the state courts); Newell v. Page, 280 F. Supp. 203, 204 (N.D. Okla. 1968) (a habeas petitioner's claim, concerning credit for jail time, involved "a matter of state law" (citations omitted)).

Here, Petitioner's challenges to the state courts' refusal to modify his sentences to run concurrently concern matters of state law and do not rise to the level of a constitutional violation. Because habeas corpus relief does not lie for errors of state law, Petitioner's claims are doomed and it would be a waste of judicial resources to transfer this matter. As the Court lacks jurisdiction to consider Petitioner's § 2241 claims, this action shall be dismissed without prejudice to being reasserted in the proper forum.

**ACCORDINGLY, IT IS HEREBY ORDERED that** the 28 U.S.C. § 2241 petition for writ of habeas corpus (Dkt. # 1) is **dismissed without prejudice** to being reasserted in the proper forum.

**DATED** this 4th day of October, 2016.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE